Rev'd 3/31/14
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 3 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TUNDE A. ADEYI,

       Plaintiff,

  -against-

UNITED STATES,

       Defendant.
------------------------------------------------------------x

MEMORANDUM & ORDER

14-CV-821 (ENV) (LB)

VITALIANO, D.J.,

On February 5, 2014, plaintiff filed the instant *pro se* complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, seeking damages for the alleged negligent destruction of property seized at J.F.K. airport on March 12, 2001. Plaintiff's request to proceed *in forma pauperis*, submitted on February 26, 2014, is granted solely for the purpose of this Order. For the reasons that follow, the complaint is dismissed with prejudice.

## Background

This is the third time that plaintiff has sued the United States seeking recompense for property that was seized during his 2001 arrest at J.F.K. The factual background and litigation history of this case are set forth in this Court's April 13, 2012 Order filed in *Adeyi v. United States*, No. 12-CV-1230, 2012 WL 1339599 (E.D.N.Y. Apr. 17, 2012), familiarity with which is assumed.

Adeyi's claim under FTCA was first considered and rejected by Judge Allyne R. Ross, in an Opinion and Order, dated March 21, 2008. *Adeyi v. United States*, 06-

1

CV-3842, 2008 WL 793595 (E.D.N.Y. Mar. 25, 2008). Judge Ross held that Adeyi could not maintain a claim under FTCA because, among other things, it was barred by sovereign immunity. Judge Ross noted specifically that "FTCA's waiver of sovereign immunity does not apply to Adeyi's claim because the statute explicitly does not waive sovereign immunity with respect to any claim that, like Adeyi's here, constitutes a 'claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs . . . or any other law enforcement officer.'" *Id.* at *6 (citing 28 U.S.C. § 2680(c)).

This Court again rejected Adeyi's FTCA claim in an Order, dated April 13, 2012, on the ground that the claim (1) was precluded by the doctrines of collateral estoppel and *res judicata*, and (2) was also barred as untimely under the applicable limitations period. *Adeyi*, 12-CV-1230, 2012 WL 1339599, at *2-3.

Apparently, unable to understand the plain language of these prior orders, Adeyi tries yet again.

## Standard of Review

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A). At the same time, a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any

indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Discussion

Adeyi's claims under FTCA must, once again, be dismissed on *res judicata* and collateral estoppel grounds, based upon the prior-filed actions. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998) (The doctrines of collateral estoppel and *res judicata* "protect parties from having to re-litigate identical claims or issues and . . . promote judicial economy."). Collateral estoppel "bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." *Id. Res judicata* "bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated." *Id.* In Adeyi's prior cases, the Court fully considered the exact issue presented by plaintiff's instant complaint: whether the Court had subject matter jurisdiction to hear plaintiff's claim based upon the FTCA's waiver of sovereign immunity. It found that it did not. Accordingly, collateral estoppel and/or res judicata bar plaintiff's claims. Moreover, his claim is, as it was in 2012, untimely pursuant to 28 U.S.C. § 2401(b).[1] *Adeyi*, 12-CV-1230, 2012 WL 1339599, at *3.

---

[1] The fact that the Second Circuit recently issued a Mandate dismissing the appeal in the 2012 action does not, as plaintiff intimates it should, alter the Court's conclusion that this lawsuit is precluded and time-barred.

3

## Conclusion

For all the reasons stated above, the action is dismissed with prejudice. Plaintiff is warned that he may be subject to a filing injunction should he persist in filing repeated lawsuits involving the same nucleus of operative facts, that is, the 2001 incident at JFK.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment for defendant and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 17, 2014

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge